{¶ 8} I would affirm the judgment of the trial court.
 {¶ 9} The order that Calhoun allegedly violated includes the following prohibition:
 {¶ 10} "RESPONDENT SHALL NOT INITIATE ANY CONTACT with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, and babysitters. Contact includes, but is not limited to, telephone, fax, e-mail, voice mail, delivery service, writing, or communications by any other means in person or through another person."
 {¶ 11} There is unrebutted evidence that Calhoun contacted the residence of Stephanie Foley, a protected person, by telephone, and left a message on her voice *Page 4 
mail. This is prohibited by the order. The order plainly prohibits contacting the residence of a protected person. This has a rational purpose, since there is a risk that the protected person will either answer the telephone, or hear the recorded message, thereby exposing herself to the very contact that the order is intended to preclude. Calhoun was at least reckless in leaving the message on Foley's residential voice mail, since he had reason to believe that his son was at Foley's residence when his son asked him to call back at that number.
 {¶ 12} That Calhoun merely intended to communicate with his son, who had asked him to call back, because his son's cell phone's battery was dying, is a matter that the trial court could appropriately consider in mitigation. *Page 1